UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00414-MOC

| | |
|---|---|
| **KYLE STEWART CRAMER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Plaintiff did not respond within the time provided to the defendant's cross motion. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

**II.     Factual Background**

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

**III.    Standard of Review**

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

**IV.    Substantial Evidence**

  **A.     Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

B.  **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fourth step of the sequential evaluation process.

C.  **The Administrative Decision**

At the fourth step, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as an outside sales representative and office manager. The ALJ also made an alternative finding under the fifth step, determining that the "Grids" directed a finding of not-disabled under the Medical-Vocational Guidelines, Rules 202.21 and 202.14.

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error:

1. Contrary to unambiguous Agency policy and Fourth Circuit precedent, the ALJ failed to even acknowledge, no less discuss, multiple medical opinions contained in the record indicating that Ms. Cramer's pain related to degenerative disc disease, carpal tunnel syndrome, chronic liver disease and irritable bowel syndrome renders her unemployable.

2. The ALJ failed to appropriately discuss and weigh the effect of Ms. Cramer's pain, consistent with Craig v. Chater, 76 F. 3d 585 (1996), on her ability to perform activities of daily living and her ability to engage in regular and continuous eight hour a day, day after day, work activities. In this respect, the ALJ's failure to discuss many of the regulatory factors for the evaluation of pain, as well as his failure to acknowledge or discuss Ms. Cramer's long, industrious, and lucrative work history as part of his credibility finding renders his pain evaluation findings inadequate as a matter of law.

3. As a treating physician, and the only examining physician of record who offered an opinion, Dr. McIntyre's opinion was entitled to great weight. However, even assuming that this Court believes that the opinion of the non-examining state Agency physician, rendered based upon an incomplete record, is a reasonable medical opinion, the ALJ's failure to acknowledge, no less apply, the Agency's own "treating physician rule" is clear error because Agency policy and unambiguously states that the treating physician's opinion based on long familiarity with the claimant will "always" be given greater weight even if there are contrary, reasonable medical opinions.

4. The above errors lead inexorably to the last: by failing to wait medical opinions and appropriately evaluate the effects of Ms. Cramer's pain, the ALJs residual functional capacity finding ("RFC") is, as a matter of law, deficient and cannot properly support a denial of benefits. Given the nature of these errors, the only appropriate disposition of this case is a remand for additional proceedings.

Contentions within plaintiff's assignments of error will grouped for discussion.

## 2. First Assignment of Error: Evaluation of Medical Evidence

In her first contention, plaintiff argues that the ALJ failed to properly consider the medical evidence of record, including the opinions of her treating physician and evidence probative of her subjective complaints of disabling pain.

### a. January 23, 2012, Treatment Note

First, plaintiff contends that the ALJ failed to consider or mention the opinions rendered by her treating physician, Dr. McIntyre, which she contends indicate that she is "unable to function sufficiently to be employed on a regular and continuous basis." Pl. Br. at 5-7. There are a number of problems with this assignment of error.

First, the January 23, 2012, opinion she attributes to Dr. McIntyre is actually found in a treatment note generated by Physician's Assistant Jim Johnson. See TR. 643. Second, the portion that plaintiff attributes to Dr. McIntyre is not a medical conclusion, but appears to be an entry of a statement made by plaintiff to the physician's assistant at the time of the visit. Third, the ALJ's conclusion that such note does not amount to a supportive medical opinion finds substantial support in the record as the note indicated no problems with back pain and no radicular symptoms. Tr. 36. Fourth, setting aside the problem with attribution, even if a treating physician had made a statement to the effect that a patient was not employable, such vocational determination improperly strays into the area of expertise reserved to the Commissioner to make determinations of whether a person is employable.

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). An opinion

of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). Medical opinions that go to the ultimate vocational issue of ability to work invade the province of the Commissioner, who is ultimately charged with determining whether a claimant meets the statutory definition of disability. 20 C.F.R. § 416.927(d). Thus "medical opinions" which seek to opine on a patient's capacity for work, even from treating physicians, are opinions "on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(d). As a matter of law, such opinions are not entitled to controlling weight or special significance under the regulations. 20 C.F.R. § 416.927(d)(1). Plaintiff's assignment of error is without merit.

### b.  Post-January 2012, Treatment Notes

Plaintiff next contends that the ALJ improperly ignored other opinions from Dr. McIntyre stemming from follow-up visits after January 2012. Again, close review of those document (found at Tr. 681-716) reveals that they are, in the main, the work product of Mr. Johnson, not Dr. McIntyre, and again merely reflect plaintiff's subjective statements upon presentation at Mt. View Family Practice. The ALJ was under no obligation to discuss, for example, the fact that plaintiff "[s]tate[d] that she is 'stable' on her current pain medication regimen, but remains unimproved." Tr. 681. An ALJ is not tasked with the "impossible burden of mentioning every piece of evidence" that may be placed into the Administrative Record. Parks v. Sullivan, 766 F.Supp. 627, 635 (N.D.Ill.1991). Indeed, the notes also contain patient statements that are antithetical to plaintiff's claim, such as a statement on June 6, 2012, that plaintiff reported that

she was doing well and was stable, and "would like to return to work but thus far has had no luck finding a job." Tr. 696. The court overrules this assignment of error in its entirety.

### c. Dr. McIntyre's November 12, 2012, Handwritten Note

Finally, plaintiff has pointed to a November 12, 2012, handwritten note by Dr. McIntyre, in which he states, as follows:

> To Whom it May Concern- Mrs. Cramer is followed by us for Chronic Pain Syndrome. She is permanently dismissed from any type of work.

Tr. at 716. The court notes that such note was written on a prescription pad and makes no reference to clinical findings that support such conclusion. As discussed earlier, even a treating's physician opinion "on issues reserved to the Commissioner" are not entitled to controlling weight or special significance under the regulations. 20 C.F.R. § 416.927(d)(1). Further diminishing the significance of that opinion is the fact that such opinion is unaccompanied by any clinical findings or observations by Dr. McIntyre that would support such opinion. When those unassociated findings are reviewed, Dr. McIntyre had only made mild findings, his records reflected that plaintiff was stable and doing well on the regimen he had prescribed, that she managed her pain with medication, and that she was looking for a job, but could not find one. Thus, his handwritten opinion going to her ability to work was at best entitled to little weight. See 20 C.F.R. § 404.1527(c)(2). Thus, the court finds that any error in not specifically discussing the opinion evidence found at Tr. 716 was harmless as there is no reason to believe it would have lead the Commissioner to a different result. Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989).

### 3. Second Assignment of Error: The ALJ Erred in his Credibility Determinations

Grouping plaintiff's arguments, the next major area involves contentions that the ALJ failed to make proper credibility determinations under prevailing law. Such contention is important as plaintiff's claim of total disability from work is based in great part on her subjective complaints, including pain.

The correct standard and method for evaluating claims of pain and other subjective symptoms in courts of the Fourth Circuit has developed from the Court of Appeals' decision in Hyatt v. Sullivan, 899 F.2d 329 (4th Cir. 1990) (Hyatt III), which held that "[b]ecause pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." Id. at 336.

A two-step process for evaluating subjective complaints was developed by the Court of Appeals for the Fourth Circuit in Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). This two-step process for evaluating subjective complaints corresponds with the Commissioner's relevant rulings and regulations. See 20 C.F.R § 404.1529; SSR 96-7p.[1]

Step one requires an ALJ to determine whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 594.

---

[1] "The purpose of this Ruling is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." S.S.R. 96-7p (statement of purpose).

Step two requires that the ALJ next evaluate the alleged symptoms' intensity and persistence along with the extent to they limit the claimant's ability to engage in work. Id.; see also 20 C.F.R. § 404. 1529(c); SSR 96-7p. The ALJ must consider the following:

(1) the claimant's testimony and other statements concerning pain or other subjective complaints;

(2) her medical history and laboratory findings;

(3) any objective medical evidence of pain; and

(4) other evidence relevant to the severity of the impairment.

Craig, 76 F.3d at 595. See also 20 C.F.R. § 404. 1529(c)(3) (expanding on Craig and listing additional considerations). The term "other relevant evidence" includes: a claimant's activities of daily living; the location, duration, frequency and intensity of their pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medications taken to alleviate their pain and other symptoms; treatment, other than medication, received; and any other measures used to relieve their alleged pain and other symptoms. Id.

In reviewing this assignment of error, the court has turned to the decision issued by the ALJ. First, review of that decision reveals that he recognized and acknowledged the two-step process of assessing a claimant's credibility, Tr. 34, and that he then discussed the objective and subjective evidence concerning plaintiff's pain that was contained in the record. Tr. 34-38. The ALJ then concluded that while plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they were inconsistent with an RFC for a range of light work. Further, the ALJ also determined that while plaintiff

suffers from severe impairments that caused functional limitations, the evidence failed to substantiate her allegations of total disability. Tr. 34.

The ALJ did not, however, stop his analysis by summarily concluding that her statements were not credible to the extent they were inconsistent with her RFC, but went on to explain such conclusion. Specifically, the ALJ pointed to and discussed: (1) how plaintiff had been able to work with the same musculoskeletal impairments she now claims to be disabling despite any evidence that those symptoms worsened at or near her alleged onset date, Tr. 35; and (2) that plaintiff had normal diagnostic testing indicative of mild impairment and normal clinical findings as to her upper extremity impairments and lumbar spine impairment. Id.

The ALJ also addressed plaintiff's allegations of disabling pain. He determined that such statements were inconsistent with records from pain management, where plaintiff reported that while on medication she was able to perform more activities, with her pain specialist noting that she was moderately active. Tr. 37. Such conclusion finds substantial support in the record. Tr. 609-629. The ALJ also explain that plaintiff had reported to Mr. Johnson that her pain was manageable with medication without any side effects. Tr. 37. That conclusion also finds support in the record. Tr. 700. Based on a review of the evidence, the ALJ concluded that plaintiff's pain was managed with prescription medication and was not as limiting as plaintiff had alleged. Tr. 37. Further, the ALJ also considered plaintiff's daily activities and explained that such activities were inconsistent with disabling pain. Tr. 36. He noted her activities, which included personal care, occasional cooking for her family, laundry, shopping, caring for a cat, venturing outdoors daily, and checking matters on her computer. Plaintiff's claim that the ALJ failed to discuss any of the § 404.1529(c)(3) factors is, therefore, not supportable.

Further, plaintiff's claim that the ALJ failed to discuss Dr. McIntyre's opinions in conjunction with his credibility determination is not accurate as her treating physician's findings and opinions are discussed throughout the relevant portion of the administrative decision. See Tr. 34-38. Again, the ALJ was under no obligation to discuss Dr. McIntyre's conclusion that plaintiff was "unable to work" as that opinion both invaded the province of the Commissioner and lacked any clinical support; thus, any failure to discuss that opinion was, therefore, harmless.

Finally, this court again rejects plaintiff's argument that the ALJ should have given plaintiff's testimony enhanced credibility due to her extensive work history. The Court of Appeals for the Fourth Circuit has not adopted this heightened credibility standard, and this court as well as the United States Court for the Southern District of West Virginia have flatly rejected giving special favor to claimants who have been fortunate enough to have a successful work history. Clark v. Astrue, No. 3:12cv00122, 2012 WL 6728441, at *3 (W.D.N.C. Dec. 28, 2012); Jeffries v. Astrue, 2012 WL 314156, 25 (S.D.W.Va. Feb. 1, 2012). Although a most commendable attribute, "work history" appears nowhere in the list of factors to be considered under Craig or § 404.1529(c)(3).

In Hatcher v. Secretary, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

Id., (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)). Here, the ALJ properly considered plaintiff's subjective complaints and included, among other factors, consideration of her report of daily activities. Such consideration of daily activities is precisely the type of evaluation required under current case law. In considering an almost identical method of evaluating pain in Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994), Honorable K. K. Hall, Circuit Judge, in announcing and concurring in the judgment of the Court of Appeals for the Fourth Circuit, held:

> [t]his refreshing mode of analysis is precisely what I believe our cases have been striving for. The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life.

Id., at 927. In accordance with Mickles, the ALJ properly discredited plaintiff's subjective complaints of pain. Further, the ALJ satisfied his burden of explaining his determination, and considered the relevant factors. Substantial evidence supports the ALJ's determinations and the court finds no merit to this assignment of error.

### 4. Third Assignment of Error: RFC Determination

Plaintiff also contends that the ALJ erred in making his determination as to her residual functional capacity ("RFC"). The ALJ is solely responsible for determining RFC of a claimant. 20 C.F.R. § 404.1546(b). In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. Inasmuch as RFC is determined at the fourth step of the sequential evaluation process, the burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

Plaintiff contends that the ALJ failed to support his RFC determination with an adequate discussion. Pl. Br. at 23. The court agrees that the ALJ is required to provide a "narrative discussion describing how the evidence supports each conclusion." SSR 96-8p. However, the court does not agree that the ALJ's RFC is deficient as the narrative provided has given the court a sufficient basis for conducting "meaningful judicial review." Babineau v. Astrue, No. 09-1363-JWL, 2010 WL 4568985, at *4 (D. Kan. Nov. 3, 2010). In this case, the ALJ specifically stated that he had adopted the opinions of the state-agency physicians in determining plaintiff's RFC. Tr. 38. Those physicians were the only physicians of record who had assessed plaintiff's functional limitations; indeed, plaintiff's own doctor had made no such evaluation, despite concluding she was completely disabled. See Tr. 107-109, 125-126; *c.f.* Tr. 643-716.

Finally, as the ALJ found, Tr. 38, the opinions of state-agency physicians must be considered and weighed as those of highly-qualified physicians who are experts in the evaluation of the medical issues in disability claims under the Act. Unlike many primary care providers or even medical specialists that a claimant may typically visit, state agency physicians are experts in the evaluation of the medical issues in disability claims under the Social Security Act, and the ALJ must consider such expert opinions insofar as they are supported by evidence in the record. 20 C.F.R. § 404.1527(f) (2007); SSR 96-6P. Inasmuch as the ALJ is engaged in a determination of a claimant's ability to work, the opinions obtained from non-examining medical sources (such as state agency physicians) may be entitled to greater weight than the opinions of treating or examining sources. SSR 96-6p. The opinion of a non-examining physician can, therefore, constitute substantial evidence in support of the ALJ's decision when it is consistent with the record. Smith v. Schweicker, 795 F.2d 343, 345-346 (4th Cir. 1986); Gordon v. Schweiker, 725

F.2d 231, 235 (4th Cir. 1984).20 C.F.R. § 404.1527(d)(3) (2007) (the weight afforded to a medical opinion depends upon the amount of relevant evidence, particularly medical signs and laboratory findings, provided in support of the opinion).

The court has also considered plaintiff's argument that such reliance was flawed because the opinions of the state-agency examiners did not include medical evidence submitted after they rendered their opinions. Again, there is no showing that such evidence would have changed the evaluation for the reasons discussed above. As this court has previously held:

> [t]he fact that the state agency physician did not have access to the entire evidentiary record because the record was incomplete at the time of the assessment is inconsequential as the ALJ considered the entire evidentiary record and substantial evidence supports his determination.

Thacker v. Astrue, No. 11-246, 2011 WL 7154218, at *6 (W.D.N.C. Nov. 28, 2011). Here, the ALJ properly cited to and relied on the opinions of state-agency opinions and satisfied his duty of providing a narrative. Plaintiff's assignment of error is, therefore, without merit.

### E. Conclusion

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, plaintiff's Response thereto, and, most importantly, plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

# ORDER

**IT IS, THEREFORE, ORDERED** that

(1)    the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2)    the plaintiff's Motion for Summary Judgment (#13) is **DENIED**;

(3)    the Commissioner's Motion for Summary Judgment (#16) is **GRANTED**; and

(4)    this action is **DISMISSED**.

Signed: 4/7/2014

Max O. Cogburn Jr.
United States District Judge